624 P.2d 64

**ACADEMY ROAD LIMITED PARTNER-SHIP, Bill Sholer, General Partner and William A. (Bill) Bains, Plaintiffs-Appellees,**

v.

**BERNALILLO COUNTY TREASURER and Bernalillo County Assessor, Defendants-Appellants.**

No. 4718.

Court of Appeals of New Mexico.

Jan. 27, 1981.

Joe C. Diaz, Bernalillo County Atty., and Kenneth A. Hunt, Asst. Bernalillo County Atty., Albuquerque, for defendants-appellants.

Anthony C. Porter and Wycliffe V. Butler, Albuquerque, for plaintiffs-appellees.

## OPINION

WALTERS, Judge.

The County of Bernalillo appeals a judgment ordering a refund to plaintiffs on property taxes assessed and paid for the year 1978. We reverse.

Prior to 1977 Academy Road Limited Partnership (Academy) was the owner of a 5.37-acre tract of undeveloped land. It was valued for the 1977 tax year at $21,480, and taxes were assessed at $463.36 for 1977. On August 19, 1977, Academy filed a "Summary Plat showing Redivision" of the 5.37-acres into Tract A (2.825 acres) and Tracts B-1 and B-2 (approximately 2.524 acre total).

The filed plat indicates The City Planning Director's "approval and conditional acceptance" under the "Albuquerque Subdivision Ordinance." On August 25, 1977, Tract B-2 was deeded by Academy to a third party. In September 1977, Tract A was leased by Academy to plaintiff Bains. Tract A was assessed for the 1978 tax year at a value of $123,057, giving rise to plaintiffs' payment of taxes on November 28, 1978 in the amount of $2,587.96 and protest thereof, and this lawsuit.

The assessor for the County reappraised the property between September 1977 and January 1978, after Academy's summary plat had been filed. In reaching the new valuation, he used comparable land sales, one of which was the August 1977 sale of Tract B-2 (approximately 1.6 acres) for $100,000, and three other nearby properties which sold for $1.65, $2.25, and $2.50 per square foot, respectively. After adjusting for location, size, zoning, and time of sales, he appraised the 2.8-acre Tract A for $1.90 per square foot, and it was taxed without regard to the 10% annual increase limitation then in effect under § 7–36–17 B, N.M.S.A. 1978. The County determined the 10% limitation to be inapplicable because of the exception from the limitation provided by § 7–36–17 C(3) pertaining to "division of the property into two or more parcels for any purpose."

The trial court made findings regarding the tax amount assessed for 1977 for the entire premises; regarding Bains's lease and the conveyance of a portion of the land in 1977; and regarding the amount of the increased assessment on Bains's leasehold, Tract A, for 1978, all as above detailed. It concluded that the increase and tax levy on the 2.8-acre Bains tract was subject to the 10% limitation and that the "division" exception was not applicable to remove the limitation on the 1978 increase. The judg-

ment recited that all taxes "since 1978" were subject to the 10% increase limitation and excess funds paid were to be refunded to plaintiffs forthwith by the County.

Bains was required by the terms of his lease to pay the ad valorem taxes on the property he leased. It appears that he alone paid the second half of the 1977 taxes on the entire 5.37 acres owned by and assessed in the name of Academy, even though he was leasing only 2.8 acres.

Plaintiffs-Appellees argue that the trial court was correct because the 1977 conveyance of a portion of the total area did not effect a division of Bains's leased property that did not already exist by reason of an arroyo physically separating Tract A from Tract B-1 and the conveyed Tract B-2. That reasoning, apparently adopted by the trial court, focuses only on whether Bains's leased acreage was divided, and on his attendant tax obligations under the terms of his lease provisions, and overlooks the County's statutory right and duty to reappraise the entirety of Academy's and its grantee's properties for the purpose of maintaining "current and correct values of property." *See, e. g.* §§ 7–36–16, 7–38–7, 7–38–15 C, N.M.S.A. 1978. Title to Tracts A and B-1 remained in Academy's name, and taxes were assessed against Academy, not Bains. If, upon sale of a portion of Academy's total acreage, reappraisal of the separated acreage by application of the comparable sales method disclosed an increased valuation in the properties, the 10% limitation for the year 1978 over the 1977 value applies only if one or more exceptions of § 7–36–17 C do not remove the ceiling on the increased valuation permitted.

The record establishes that the entire 5.37-acres were taxed in 1977 in the amount of $463.36. In 1978, the Bains Tract A of 2.825 acres was taxed at $2,587.96. There was no evidence showing how the balance of the 5.37-acre tract was valued or taxed in 1978. The assessment notices, however, clearly indicate that in 1978 Tract A was appraised and assessed as a separate parcel. It is equally clear that the assessed tax in 1978 for approximately half of the original 5.37-acres far exceeded the 10% limitation of § 7–36–17 B. Although repealed by Laws 1979, ch. 268, § 3 for 1979 and subsequent tax years, *Hansman v. Bernalillo Co. Assessor*, Nos. 4337, 4338, 4339, and 4340 consolidated, 19 N.M. State Bar Bull. 810 (Ct.App.1980), that 10% limitation was in effect at the time plaintiffs protested the 1978 tax. It was, however, subject to the exceptions of Subsection C of the same section.

We agree with the assessor's determination that the 1978 valuation was not limited to a 10% increase over 1977. Despite the fact that Bains's interest in a portion of the entire acreage was not affected by the transfer of Tract B-2, it is undisputed that the entire 5.37 acres was taxed as a single unit for the year 1977, and was reappraised and re-taxed as at least two, and perhaps three, separate units in 1978. It is equally undisputed that the area taxed in 1977 had been divided when the 1978 appraisal was made. If property valuation increased between 1977 and 1978 by reason of "division of the property into two or more parcels for any purpose," § 7–36–17 C(3), *supra* the "limitation on property value increase . . . of this section shall not apply ____." New Mexico has not specifically defined a "property division," but it is beyond cavil that the conveyance of a portion of the area as taxed in 1977 constituted a division of the whole as of the date of conveyance into two or more parcels. *See Town of Arundel v. Swain*, 374 A.2d 317 (Me.1977).

The propriety of the method used in appraising and taxing Tract A for 1978 is explained at 84 C.J.S. 777, Taxation, § 407, in this manner:

Where a person buys several contiguous tracts from different owners and throws them together into one tract, they cease to be separate lots or tracts and become one for the purposes of assessment. Conversely, where a portion of a lot or tract is sold, the part sold should be assessed separately, and the original lot or tract should not be assessed as an entirety, but the residue in the hands of the grantor should be assessed as one body or tract of land.

No one could seriously argue that Academy, as an owner who has executed a real estate contract agreeing to sell and convey a portion of his land, as was done in this case, which contract requires the purchaser to assess and pay taxes in its own name thereafter, and who has deposited a warranty deed to the property in escrow pending final payment by the purchaser, has somehow avoided "dividing" his property. The exception of § 7–36–17 C(3) removes all of this reappraised property from the 10% increase limitation, and the trial court's decision to the contrary must be reversed.

Likewise, the requirement that all increased taxes "since 1978" be refunded is erroneous, since that conclusion rests on the incorrect decision that the 1978 tax was improperly assessed. Moreover, a taxpayer must protest taxes each year to be entitled to a refund. § 7–38–40, N.M.S.A. 1978.

The matter is reversed and remanded for entry of judgment in favor of the County. *IT IS SO ORDERED.*

WOOD and ANDREWS, JJ., concur.